COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MARC SCHRADER, | § | No. 08-08-00268-CR |
| Appellant, | § | Appeal from the |
| v. | § | 346th Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 2006ODO5602) |
| | § | |

## MEMORANDUM  OPINION

Marc Schrader attempts to appeal his conviction for sexual assault of a child.  Finding that Appellant has no right to appeal, we dismiss the appeal.

Rule 25.2(a)(2) governs the defendant's right to appeal in a criminal case:

> A defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules.  The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order.  In a plea bargain case -- that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant -- a defendant may appeal only:
>
> (A)  those matters that were raised by written motion and filed and ruled on before trial, or
>
> (B)  after getting the trial court's permission to appeal.

TEX.R.APP.P. 25.2(a)(2).

Appellant filed a timely notice of appeal, which included the trial court's certification of his right to appeal as required by Rules 25.2(a)(2) and 25.2(d).  The certification, signed by the

trial court, indicates that Appellant has no right to appeal.  By letter dated September 24, 2008, the clerk of this Court notified Appellant that the certification indicated that he had no right of appeal in this case and requested a response.  Appellant's attorney has responded to the Court's notice, and has agreed that Appellant voluntarily waived his right to appeal when he entered the plea bargain.  Accordingly, we dismiss the appeal.


November 6, 2008

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)